FILED

IN THE CIRCUIT COURT FOR THE
TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA
CASE NO.: 09-CA-003633
Judge: Gerald, Lynn, Jr.

VIRGINIA GIOIA, Individually,

    Plaintiff,

vs.

2:10-cv-24-FtM-36DNF

NATIONWIDE INSURANCE COMPANY
OF FLORIDA, a corporation authorized and
doing business in Florida,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, VIRGINIA GIOIA, by and through the undersigned attorney, sues the Defendant, NATIONWIDE INSURANCE COMPANY OF FLORIDA, a Foreign Corporation, and alleges as follows:

1. Plaintiff, VIRGINIA GIOIA, was and is a resident of Lee County, Florida, and the policy of insurance involved herein was issued by Defendant to Plaintiff in the State of Florida.

2. NATIONWIDE INSURANCE COMPANY OF FLORIDA ("NATIONWIDE") is a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Lee County.

3. Subject matter jurisdiction is proper in Lee County, Florida.

4. Personal jurisdiction is proper in Lee County, Florida.

5. Plaintiff secured homeowner's insurance from Nationwide to cover Plaintiff's dwelling and a policy of homeowner's insurance, including but not limited to coverage to protect against wind and rain damage, was issued by Nationwide.

6. Plaintiff's dwelling in Lee County at 12761 Chartwell Drive, Ft. Myers, Florida, was damaged by hurricane force wind and rain on or about August 13, 2004. The damage to the subject dwelling, structures and property was caused by a covered peril under the subject insurance policy.

7. As a result, Plaintiff sustained damage to the dwelling and appurtenant structures, including but not limited to damage to the roof, interior ceilings and screen enclosure.

8. Plaintiff's insurance policy was in full force and effect as to the Plaintiff when the damage occurred to the Plaintiff's building / structure. Plaintiff is not in possession of a copy of the policy in effect at the time of the incident in question. However, a true and correct copy of the policy is in the control and possession of the Defendant, <u>and was actually created by the Defendant</u>. Plaintiff has requested a certified copy of the policy that was in effect at the time of the incident pursuant to a Request for Production that was served with the Complaint. Plaintiff will attach a copy of the policy once it is received from Defendant.

9. Defendant, by and through its agents, employees or assigns, performed services relating to adjusting the claim of the Plaintiff.

10. Defendant has not identified any specific provision of the insurance contract that provides any specific exclusion from coverage for any specific claimed loss alleged by the Plaintiff.

11. Defendant has refused to pay all covered losses sustained by the Plaintiff based on the true market value of goods, material, and services at the time of the loss.

12. Plaintiff has retained the undersigned and agreed to pay him a reasonable fee and all costs.

13. Plaintiff has complied with all conditions precedent prior to the filing of this lawsuit.

**COUNT I - BREACH OF THE INSURANCE CONTRACT AGAINST DEFENDANT**

Plaintiff re-alleges paragraphs 1-13, and further states:

14. This is an action for breach of contract with damages more than Fifteen Thousand Dollars ($15,000), exclusive of interest, costs, and attorney's fees.

15. The Plaintiff and Defendant have a binding insurance policy that provides for payment of the losses sustained in this case.

16. The Defendant has a duty under the subject insurance contract to fully compensate the Plaintiff for all losses covered under the subject policy as a result of a covered peril.

17. The Defendant breached the insurance contract by failing to fully compensate the Plaintiff for all losses sustained as a result of the damages incurred that are the subject of this lawsuit.

18. As a result of Defendant's breach of contract, the Plaintiff has suffered damages in the form of insurance proceeds that have not been paid, interest, costs, and attorney's fees.

19. It has become necessary that the Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in prosecuting this action, plus necessary costs.

20. Plaintiff is entitled to recover attorney's fees and costs under F.S. §627.428.

WHEREFORE, Plaintiff demands judgment against Defendant for all covered losses with interest on any overdue payments, costs, and attorney's fees pursuant to F.S. §627.428, and Plaintiff demands trial by jury.

DATED this 10th day of August, 2009.

*David Yon*

DAVID P. YON, ESQ.
Florida Bar No. 161349
Law Offices of David P. Yon, P.A.
336 SW 18th Terrace
Miami, FL 33129
Phone (954) 309-9223
Fax (888) 314-5169